UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-209-HRW

RALPH D. SEXTON,

                                                                              PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

      Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

      **II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on October 3, 2000, alleging disability beginning on April 2, 1999, due to nerves. Migraine headaches, lupus and

1

depression. This application was denied initially and on reconsideration. On January 11, 2002, an administrative hearing was conducted by Administrative Law Judge Charlie Andrus (hereinafter "ALJ"), wherein Plaintiff, testified (Tr. 31-41). At the hearing, Dean Owen, a vocational expert (hereinafter "VE"), also testified (Tr. 41-45).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 18, 2002, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 19-26). Plaintiff was 40 years old at the time of the hearing decision (Tr. 20). He has a 12th grade education (Tr.20). His past relevant work experience consists of work as a school bus driver and carpenter's helper (Tr. 20).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.25). The ALJ then determined, at Step 2, that Plaintiff suffered from headaches, chronic low back strain and depression with anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 20). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20-21, 25). In doing so, the ALJ specifically considered listings 1.04, 11.00, 12.04 and 12.06 (Tr. 20-21). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 26) but determined that he retained the residual functional capacity ("RFC") to perform a significant range of light work (Tr. 26), such as machine tender, production inspector and assembler (Tr. 25). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 11, 2002 (Tr. 6-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 5] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability should be reversed because (1) the ALJ improperly evaluated his credibility and (2) the ALJ erroneously determined that Plaintiff's limited mental functioning did not meet Section 12.04 of the listing requirements.

Plaintiff's first claim of error is that the ALJ ALJ improperly evaluated his credibility. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

In this case, the ALJ found Plaintiff's credibility to be "poor" (Tr. 22). The ALJ noted several inconsistencies in Plaintiff's statements to various physicians regarding his history of headaches and alleged prior injuries (Tr. 22). The ALJ also found that Plaintiff's reports of his daily activities to be inconsistent

5

with his testimony of daily headaches and pain so severe that he must lay down for several days at a time (Tr. 22, 104-106). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). Further, although Plaintiff complains of debilitating anxiety, there is no record of any report of the same to a physician or medication prescribed for such a condition.

Based upon the record, the Court finds that the ALJ properly evaluated the Plaintiff's credibility and did not err by discounting his subjective complaints.

Plaintiff's second claim of error is that the ALJ erroneously determined that Plaintiff's limited mental functioning did not meet Section 12.04 of the listing requirements. The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of*

*Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Listing 12.04 provides:

> *Affective Disorders*: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied . . . .
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
> 1. Depressive syndrome characterized by at least four of

7

the following:
a. Anhedonia or pervasive loss of interest in almost all activities; or
b. Appetite disturbance with change in weight; or
c. Sleep disturbance; or
d. Psychomotor agitation or retardation; or
e. Decreased energy; or
f. Feelings of guilt or worthlessness; or
g. Difficulty concentrating or thinking; or
h. Thoughts of suicide; or
i. Hallucinations, delusions or paranoid thinking; or
2. Manic syndrome characterized by at least three of the following:
a. Hyperactivity; or
b. Pressure of speech; or
c. Flight of ideas; or
d. Inflated self-esteem; or
e. Decreased need for sleep; or
f. Easy distractability; or
g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
h. Hallucinations, delusions or paranoid thinking; or
3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);
AND
B. Resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence or pace; or
4. Repeated episodes of decompensation, each of extended duration;
OR
C. Medically documented history of a chronic affective disorder of at least 2 years' duration that

>has caused more than a minimal limitation of ability to do
>basic work activities, with symptoms or signs currently
>attenuated by medications or psychological support,
>and one of the following:
>1. Repeated episodes of decompensation, each of
>extended duration; or
>2. A residual disease process that has resulted in such
>marginal adjustment that even a minimal increase
>in mental demands or change in the environment would
>be predicted to cause the individual to decompensate; or
>3. Current history of 1 or more years' inability to
>function outside a highly supportive living arrangement,
>with an indication of continued need for such an
>arrangement.

20 C.F.R. Ch. III, Pt. 404, Subpt. P. App. 1, 12.04

In evaluating Plaintiff's mental functioning, the ALJ discussed in detail the various subparts of the subject listing and provided detailed explanations as to his analysis of each criteria. In doing so, the ALJ referred to the reports of various medical sources. For example, the ALJ noted that Dr. Carla Rodgers, a consultative psychiatrist, twice opined that the medical evidence did not satisfy the criteria of Listing 12.04 (Tr. 405-416, 658-663). Indeed, Dr. Rodgers specifically stated that the record established that Plaintiff was malingering and had poor motivation with regard to working (Tr. 662-663).

In addition, the ALJ referred to the assessment of William H. Rigby, Ph.D. who opined that Plaintiff was free of major mental illness and suffered from only

9

mild to moderate impairment (Tr. 593).

Plaintiff has not pointed to any evidence which refutes or calls into question these opinions. Nor has Plaintiff pointed to specific medical findings which demonstrates that he satisfies the criteria of Listing 12.04. Notably, Plaintiff's only argument in this regard seems to be that had the ALJ found Plaintiff's testimony to be credible, the ALJ would have found that he meets the criteria for the listing. As discussed above, the Court finds that the ALJ did not err in assessing Plaintiff's credibility. As such, the ALJ did not err in his consideration, or lack thereof, of Plaintiff's testimony in his analysis of the criteria in Listing 12.04. To the contrary, based upon the objective medical evidence of record, the Court finds that the AL's evaluation of Listing 12.04 is supported by substantial evidence on the record.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This June 30, 2005.



Signed By:
Henry R Wilhoit Jr.
United States District Judge